BRIAN BOYLE (S.B. #126576)
bboyle@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C.  20006-4001
Telephone:   (202) 383-5300
Facsimile:    (202) 383-5414

CATALINA J. VERGARA (S.B. #223775)
cvergara@omm.com
CHRISTOPHER CRAIG (S.B. #257108)
christophercraig@omm.com
BRITTNEY LANE (S.B. #288424)
blane@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone:   (213) 430-6000
Facsimile:    (213) 430-6407

Attorneys for Defendants AEGON USA LLC,
Transamerica Financial Life Insurance
Company, Transamerica Retirement Solutions
Corporation, Kirk Buese, Ralph Arnold, Ken
Klinger, Mary Taiber, and Diane Meiners

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEQUITA DENNARD, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AEGON USA LLC, TRANSAMERICA FINANCIAL LIFE INSURANCE COMPANY, TRANSAMERICA RETIREMENT SOLUTIONS CORPORATION, KIRK BUESE, RALPH ARNOLD, KEN KLINGER, MARY TAIBER, DIANE MEINERS, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:15-cv-00896-CBM (Ex)<br><br>**DEFENDANTS' NOTICE OF MOTION AND UNOPPOSED MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF IOWA PURSUANT TO 28 U.S.C. § 1404(A); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge:     Hon. Consuelo B. Marshall<br>Magistrate:     Hon. Charles F. Eick<br><br>Courtroom:     2<br>Date:              April 14, 2015<br>Time:             10:00 a.m. |

1   **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2       **PLEASE TAKE NOTICE** that on April 14, 2015, at 10:00 a.m., or as soon

3   thereafter as the matter may be heard by the above-entitled court, located at 312

4   North Spring Street, Los Angeles, California 90012 in Courtroom 2, defendants

5   AEGON USA LLC, Transamerica Financial Life Insurance Company, and

6   Transamerica Retirement Solutions Corporation, Kirk Buese, Ralph Arnold, Ken

7   Klinger, Mary Taiber, and Diane Meiners (collectively, "Defendants") will and

8   hereby do move the Court for an order transferring the above-entitled civil action to

9   the Cedar Rapids Division of the United States District Court for the Northern

10   District of Iowa.

11       This motion is made under 28 U.S.C. § 1404(a), pursuant to which "a district

12   court may transfer any civil action . . . to any district or division to which the parties

13   have consented." Here, the documents governing the AEGON Companies Profit

14   Sharing Plan in which plaintiff Lequita Dennard was a participant expressly state

15   that "[a]nyone (including but not limited to a participant or beneficiary) who files a

16   lawsuit in connection with the Plan must file that lawsuit only in Federal District

17   Court in Cedar Rapids, Iowa." Further, the parties have met and conferred since the

18   filing of this action, and Plaintiff Dennard has represented that she does not oppose

19   Defendant's motion to transfer. Federal law and controlling Supreme Court

20   precedent thus compel transfer to the Cedar Rapids Division of the United States

21   District Court for the Northern District of Iowa.

22       This motion is based on this Notice of Motion and Motion; the

23   accompanying Memorandum of Points and Authorities; the concurrently-filed

24   Declaration of Catalina J. Vergara and exhibits in support thereof; all exhibits, files,

25   and records on file in this action; and such additional submissions and argument as

26   may be presented at or before the hearing on this motion. This motion is made

27

28

- 1 -

1  following the conference of counsel pursuant to Central District of California Local

2  Rule 7-3, which took place on March 9, 10, and 17, 2015.

3

4  Dated:  March 17, 2015                CATALINA J. VERGARA
                                         O'MELVENY & MYERS LLP
5

6                                        By: _____
7                                              Catalina J. Vergara

8                                        Attorneys for Defendants AEGON USA
                                         LLC, Transamerica Financial Life
9                                        Insurance Company, Transamerica
                                         Retirement Solutions Corporation, Kirk
10                                       Buese, Ralph Arnold, Ken Klinger,
                                         Mary Taiber, and Diane Meiners
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   INTRODUCTION

3      In this action, plaintiff Lequita Dennard ("Plaintiff"), a former participant in

4   the AEGON Companies Profit Sharing Plan (the "Plan"), alleges that defendants

5   AEGON USA LLC, Transamerica Financial Life Insurance Company, and

6   Transamerica Retirement Solutions Corporation (collectively, "Defendants")

7   breached their duties under the Employee Retirement Income Security Act

8   ("ERISA"), 29 U.S.C. § 1001, *et seq.*, by charging participants allegedly excessive

9   fees.  Defendants now move to transfer the matter to the Cedar Rapids Division of

10   the United States District Court for the Northern District of Iowa, pursuant to the

11   forum selection clause in the Plan documents, which provides:

12
13
> Anyone (including but not limited to a participant or beneficiary) who
> files a lawsuit in connection with the Plan must file that lawsuit only
> in Federal District Court in Cedar Rapids, Iowa.
14

15   (*See* Transamerica 401(k) Retirement Savings Plan Summary Plan Description at

16   28, attached as Exhibit A to the Declaration of Catalina J. Vergara ("Vergara

17   Declaration") concurrently filed herewith.)

18      Plaintiff does not oppose Defendants' motion.  (*See* Vergara Decl., ¶ 3.)

19   Transfer of the action is thus required under controlling Supreme Court precedent,

20   as there are no "extraordinary circumstances" that would justify upsetting the

21   parties' "legitimate expectation" that their disputes would be adjudicated in Iowa.

22   *See Atl. Marine Constr. Co. v. U.S. Dist. Ct. West. Dist. Tex.*, __ U.S. __, 134 S. Ct.

23   568, 581 (2013).  For these reasons, explained further below, Defendants

24   respectfully request that the Court transfer this action to the Cedar Rapids Division

25   of the United States District Court for the Northern District of Iowa.

26

27

28

## II.    LEGAL STANDARD.

Motions to transfer are governed by 28 U.S.C. § 1404(a), which states, "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which the parties have consented."  When there is no forum selection clause, courts apply a multi-factor test that balances the "private" and "public" interest factors to determine whether transfer is appropriate.  *See, e.g.*, *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1155–56 (S.D. Cal. 2005).

"The calculus changes, however, when [as here] the parties' contract contains a valid forum-selection clause, which represents the parties' agreement as to the most proper forum."  *Atl. Marine*, 134 S. Ct. at 581 (internal quotations and citations omitted).  Under the adjusted calculus, "plaintiff's choice of forum merits no weight," and "the practical result is that forum selection clauses should control except in unusual cases" where public-interest factors dictate otherwise.  *Id.* at 581–82.  *See also Monastiero v. appMobi, Inc.*, No. C13-05711, 2014 WL 1991564, at *3 (N.D. Cal. May 15, 2014) ("courts may accord no weight to the plaintiff's chosen forum"); *E. Bay Women's Health, Inc. v. gloStream, Inc.*, No. C14-00712, 2014 WL 1618382, at *2 (N.D. Cal. Apr. 21, 2014) ("[A] district court should give no weight to the plaintiff's choice of forum and should not consider the parties' private interest factors") (quotation omitted); *Minard v. Green Van Lines, Inc.*, No. 2:13-cv-01711, 2014 WL 793988, at *2 (E.D. Cal. Feb. 26, 2014) ("the court must disregard plaintiff's choice of forum and the parties' private interests").

## III.    THE COURT MUST TRANSFER THIS CASE TO THE NORTHERN DISTRICT OF IOWA.

Under *Atlantic Marine*, the pre-dispute forum selection clause in the Plan document is "controlling."  *Atl. Marine*, 134 S. Ct. at 581.  As the Supreme Court

- 2 -

1  explained in that case, "[w]hen the parties have agreed to a valid forum-selection

2  clause, a district court should ordinarily transfer the case to the forum specified in

3  the clause."  *Id.*  Indeed, "[o]nly under extraordinary circumstances unrelated to the

4  convenience of the parties should a § 1404(a) motion be denied."  *Id.*

5       Applying this same analysis here leads to only one conclusion: that this case

6  must be transferred to Iowa.  First, there is an unambiguous forum selection clause

7  in the Plan documents that states that anyone who brings suit "in connection with

8  the Plan" must do so in the Cedar Rapids Division of the United States District

9  Court for the Northern District of Iowa.[1]  Second, there are no "extraordinary

10  circumstances" that warrant deviating from the chosen forum.  Defendants thus

11  respectfully request that the Court grant their motion to transfer Plaintiff's action to

12  the Cedar Rapids Division of the United States District Court for the Northern

13  District of Iowa.

14

15

16

17

18

_____

19  [1] While a plan's terms are generally under the control of the plan's sponsor (as long

20  as the sponsor does not extinguish vested rights), plan participants accept the terms
   of the plan by choosing to participate and defer income after having been afforded

21  access to the plan's summary plan description.  *See Coomer v. Bethesda Hosp. Inc.*,

22  370 F.3d 499, 508 (6th Cir. 2004) ("Employers or other plan sponsors are generally
   free under ERISA, for any reason at any time, to adopt, modify, or terminate

23  welfare plans.  This rule applies equally to pension benefit plans."  (internal

24  citations omitted)) (citing *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78
   (1995), and *Lockheed Corp. v. Spink*, 517 U.S. 882, 890 (1996)); *Mathews v. Sears*

25  *Pension Plan*, 144 F.3d 461, 465 (7th Cir. 1998) ("The potential [plan] beneficiary,
   though not consulted or consenting, ordinarily is bound nevertheless by the [plan's

26  terms] . . . unless it violates a provision of ERISA, as by cutting down on his

27  accrued rights under the plan (basically the value of his own monetary

28  contributions).").

1    Dated:  March 17, 2015             CATALINA J. VERGARA
                                        O'MELVENY & MYERS LLP
2

3
                                        By:  _____
4                                            Catalina J. Vergara

5                                       Attorneys for Defendants AEGON USA
                                        LLC, Transamerica Financial Life
6                                       Insurance Company, Transamerica
                                        Retirement Solutions Corporation, Kirk
7                                       Buese, Ralph Arnold, Ken Klinger,
                                        Mary Taiber, and Diane Meiners
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -